AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA

V.

David Levi Hancock
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR07-60-1-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC §§ 841, 846 .
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence  X a preponderance of the evidence: Defendant was ordered detained on the following bases:
1. the serious nature of the charges against which involved drugs, conspiracy to possess with intent to distribute more than 500 gr of cocaine.
2. The evidence against defendant is strong. He was present at a scheduled delivery of 1 kilogram of cocaine and was identified as the buyer. Further, defendant admitted to his involvement in the conspiracy by claiming that he planned to purchase the cocaine.
3. Nature and characteristics of defendant: defendant attempted to flee on foot when the police attempted to arrest him. Although defendant made the argument that the detention hearing was unfair because he had been indicted before the scheduled preliminary hearing, there was no attempt on defendant's part to present evidence contrary to the evidence submitted by the government regarding defendant's involvement. Although defendant has a family, lived in Delaware all his life and has a form of employment (legal gambling), all the arguments presented by the defense only addressed the issue of risk of flight. No argument was presented regarding danger to the community. Defendant's past criminal history shows that he is no stranger to the criminal justice system having been convicted of trafficking in cocaine in 1996 for which he was VOP in 2000; convicted in 1996 of conspiracy in relation to a drug offense and found VOP in 200 and 2004; convicted of possession of a narcotic controlled substance within 1000 feet of a school and distribution within 300 feet of a park in 2000 (while he was on probation for the above offenses which lead to his VOP). On this charge he was found VOP in 2001 and 3 times within 3 months in 2004. Defendant has pending a resisting arrest charge. The federal offense occurred with defendant was on state probation. Further defendant is a daily user of marijuana.

FILED

MAY 17 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 17, 2007 | _signature_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).